SWIMMING RIVER GOLF & COUNTRY CLUB, INC., A NEW JERSEY CORPORATION, PLAINTIFF-APPELLANT, v. BOROUGH OF NEW SHREWSBURY, A MUNICIPAL CORPORATION OF NEW JERSEY, MAYOR AND COUNCIL OF THE BOROUGH OF NEW SHREWSBURY, AND PLANNING BOARD OF THE BOROUGH OF NEW SHREWSBURY, DEFENDANTS-RESPONDENTS.

Argued June 4, 1959—Decided June 17, 1959.

*Mr. Clarkson S. Fisher* argued the cause for plaintiff-appellant (*Messrs. Juska & Fisher,* attorneys).

*Mr. Milton A. Mausner* argued the cause for defendants-respondents (*Messrs. Applegate, Reussille, Cornwell & Hartman,* attorneys).

PER CURIAM. The appeal in this zoning matter was certified on our motion before argument in the Appellate Division. The original hearing was held in the Superior Court, Law Division, where Judge J. Edward Knight filed the following opinion:

"This is an action in lieu of prerogative writ brought by the plaintiff, Swimming River Golf and Country Club. The substance of the complaint challenges the validity of an amendment to the zoning ordinance of the Borough of New

Shrewsbury which was adopted by the governing body of said borough on June 6, 1957. At oral argument the plaintiff's attorney waived all of the allegations in the complaint based upon alleged procedural defects in the passage of the amendment and rested plaintiff's case on the contention that the amendment itself is invalid as a matter of law and must be set aside in its entirety. Supplemental briefs having been filed on this particular issue and the court having heard additional oral argument this morning, the following might be considered as the opinion of the court.

"The facts in this case relevant to the decision are undisputed. The plaintiff is the owner of approximately 52 acres of land located in the Borough of New Shrewsbury, Monmouth County. Said premises were prior to June 6, 1957 zoned in a Residence One zone, which required for the erection of a dwelling a minimum lot frontage requirement of 125 feet and a minimum lot area requirement of 25,000 square feet. On June 6, 1957 the governing body of the Borough of New Shrewsbury adopted an amendment to the zoning ordinance of said borough which increased the minimum lot frontage requirement to 200 feet and the minimum lot area requirement to 40,000 square feet in the Residence One zones. This amendment also provided for exceptions to these requirements which could be made under specifications as provided within said amendment.

"The challenged portion of section 2 of the amendment of the zoning ordinance which was adopted on June 6, 1957 provides that 'In case of uncertainty or disagreement as to the true location of any one boundary line, determination thereof shall be with the Borough Planning Board.'

"This provision is in direct conflict with *N. J. S. A.* 40:55–39(b), which provides that 'The Board of Adjustment shall have the power to: Hear and decide, in accordance with the provisions of any such ordinance * * * interpretations of the map * * *.'

"It is contended by the plaintiff that this provision unlawfully delegates to the planning board the power to inter-

pret the zoning map where questions arise. The court is of the opinion that this contention has merit, and that this provision of the amendment is invalid. Matters committed to the board of adjustment by state statute may not in any way be circumscribed. *Saddle River Country Day School v. Saddle River,* 51 *N. J. Super.* 589 (*App. Div.* 1958). It seems obvious, therefore, that the borough's attempt to delegate to the planning board the power to decide questions relating to the zoning map is invalid and not in compliance with the enabling statute. See *Goldstein v. Lincoln Park Planning Board,* 52 *N. J. Super.* 44 (*App. Div.* 1958); *Schmidt v. Board of Adjustment of the City of Newark,* 9 *N. J.* 405 (1952).

"Sections 3 and 5 of the amendment to the zoning ordinance adopted on June 6, 1955 establish the new minimum lot width and area requirements in Residence One and Residence Two zones, respectively, to allow the erection of a dwelling in those zones. Each section then goes on to provide that 'Exceptions to the foregoing may be made by the Planning Board of the Borough of New Shrewsbury in cases of applications for sub-division of lands, such exception to be made in accordance with the schedule hereinafter set forth. The Planning Board is hereby empowered to approve lots for subdivision of lands showing lots smaller in width and area than as required in paragraph (1) hereinabove but only in accordance with the schedule hereinafter set forth in this paragraph * * *.'

"The basic scheme of the schedule contained within the amendment is to allow variations within prescribed limits from the width and area requirements where there is a proposed subdivision of land.

"The exercise of zoning and planning processes must conform to the constitutional regulation and the enabling statutes. *Rockhill v. Chesterfield Township,* 23 *N. J.* 117 (1957); *Schmidt v. Board of Adjustment of the City of Newark, supra; Goldstein v. Lincoln Park Planning Board, supra.* *N. J. S. A.* 40:55-39(*b*) provides that 'The board

of adjustment shall have the power to: Hear and decide, in accordance with the provisions of any such ordinance, request for special exceptions  *  *  *.'

"It has been held that the board of adjustment is the only agency empowered to hear and decide requests for special exceptions in accordance with standards specified in a municipal zoning ordinance, as this matter is committed by state statute to that board and the municipality may not deviate from that framework. *Saddle River Country Day School v. Saddle River, supra; Duffcon Concrete Products, Inc. v. Borough of Cresskill,* 1 *N. J.* 509, 515–516 (1949); *Tzeses v. Board of South Orange,* 22 *N. J. Super.* 45 (*App. Div.* 1952).

"After providing minimum width and area requirements for Residence Zones One and Two, paragraphs (2) of sections 3 and 5 of the amendment then delegate to the planning board the power to grant exceptions to those requirements in accordance with the schedules contained therein. The exceptions contemplated would allow dwellings to be erected on lots that do not meet the minimum requirements. The ordinance provides standards to guide the planning board in granting or denying of the exception, namely, the schedule provided. This delegation of power to the planning board is beyond the authority delegated to municipalities by our state zoning and planning statutes. Nowhere in *N. J. S. A.* 40 :55–1.1 and the subsequent sections is the planning board empowered to decide questions of exceptions to the zoning ordinance. On the contrary, *N. J. S. A.* 40 :55–39 (*b*) specifically delegates this function to the board of adjustment. ' "Special Exceptions" in New Jersey, as specifically provided for in our zoning law (*R. S.* 40 :55–39 (*b*), as amended) under which the board of adjustment is the only agency empowered to hear and decide requests for same "in accordance with the provisions of any such ordinance," *i. e.,* on the basis of standards specified therein.' *Saddle River Country Day School v. Saddle River, supra.*

"It is the opinion of this court that paragraphs (2) of sections 3 and 5 of the amendment to the zoning ordinance of the Borough of New Shrewsbury, adopted June 6, 1957, are invalid, and in light of this decision the court does not have to pass and does not pass on the validity of the exception provision of this amendment had it been delegated to the proper agency, or the sufficiency of the standards provided for the administrative decision.

"Plaintiff contends that the provisions of the amendment to the zoning ordinance adopted by the Borough of New Shrewsbury on June 6, 1957 are not severable, and should any be declared invalid by this court the entire amendment must fall. However, the question of severability is one of both legislative intent and whether the remaining provisions are functionally self-sufficient as containing the essentials of a complete enactment. *Yanow v. Seven Oaks Park, Inc.,* 11 *N. J.* 341 (1953); *Gross v. Allan,* 37 *N. J. Super.* 262 (*App. Div.* 1955). Our Supreme Court, in *Angermeier v. Sea Girt,* 27 *N. J.* 298, at *p.* 311 (1958) said:

'The principle of separability is in aid of the intention of the lawgiver. The inquiry is whether the law-making body designed that the enactment should stand or fall as a unitary whole. It is not enough that the act is severable in fact; its severability in the event of partial invalidity must also have been within the legislative intention. It is a question of interpretation and of legislative intent whether the particular provision is so interwoven with the invalid clauses as that it cannot stand alone. A severability clause (there was none such here) "provides a rule of construction which may sometimes aid in determining that intent. But it is an aid merely; not an inexorable command." *Dorchy v. State of Kansas,* 264 *U. S.* 286, 44 *S. Ct.* 323, 68 *L. Ed.* 686 (1924). Absent such express declaration, an unconstitutional provision of a statute does not affect the validity of another provision of the enactment, if otherwise valid, unless the two are so intimately connected and dependent upon each other as to raise the presumption that the Legislature would not have adopted the one without the other. Where the principal object of the statute is constitutional and the objectionable feature can be excised without substantial impairment of the general purpose, the statute is operative except insofar as it may contravene fundamental law. *St. John the Baptist Greek Catholic Church of Perth Amboy v. Gengor,* 121 *N. J. Eq.* 349 (*E. & A.* 1937); *State v. Doto,* 10 *N. J.* 318 (1952).'

"And in considering this ordinance, considering specifically the statement of the legislative body in section 7 that 'should any article, section, paragraph, part or provision of this ordinance be held unconstitutional or invalid, such decision shall not affect the validity of this ordinance as a whole or any part thereof other than the part so held unconstitutional or invalid,' it is the court's opinion that the sections of the ordinance to be declared unconstitutional by this court are severable from the other sections, and that the provision of section 2 of the amendment previously declared invalid and the portions of section 3 and section 5 creating exceptions to the new width and area requirements are invalid. However, the rest of the provisions of the amendment to the zoning ordinance are valid. So that the court is actually finding that the increased lot width and area requirements are valid; that the municipality would have intended those requirements to stand alone, regardless of the invalidity of the other sections of the act."

Plaintiff appealed on the sole ground that the trial court should have declared the entire amendment to the zoning ordinance to be invalid because all of the provisions relating to lot size are so integrated as to be inseparable. Specifically, it is urged that the amendment of section 1(a) of article VIII of the ordinance, which established the lot size in Residence Zone One as follows:

"(1) No dwelling shall be erected upon a lot which contains less than 200 feet in width and less than 40,000 square feet in area,"

is so connected with and dependent upon the invalid subparagraphs of sections 3 and 5 respecting the allowance of exceptions thereto by the planning board, that all or none must stand. We agree with Judge Knight's holding that the primary goal was to upgrade the basic lot size requirements in that residence zone and that the specifications effectuating the intention are clearly viable on their own.

The borough in its answering brief seeks to attack the determination of invalidity of the sections dealing with

the granting of exceptions. But no cross-appeal was taken and the matter is not properly before us. In any event, we find the trial court's view, as expressed above, to be a proper disposition of the matter on the merits.

The judgment is affirmed for the reasons stated by Judge Knight.

*For affirmance*—Chief Justice WEINTRAUB, and Justices BURLING, JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—7.

*For reversal*—None.