201 N.J. Super. 498 (1985)
493 A.2d 587
FLAMA CONSTRUCTION CORP., PLAINTIFF-APPELLANT,
v.
TOWNSHIP OF FRANKLIN, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 7, 1985.
Decided May 29, 1985.
*501 Before Judges PETRELLA and BAIME.
Jeffrey L. Shanaberger argued the cause for appellant (Mezey & Mezey, attorneys; Frederick C. Mezey, on the brief).
Thomas J. Cafferty argued the cause for respondent (McGimpsey & Cafferty, attorneys).
The opinion of the court was delivered by PETRELLA, J.A.D.
Plaintiff Flama Construction Corp. (Flama) instituted suit as a former and prospective developer of properties in Franklin Township. It challenged the validity of Franklin Township's ordinance requiring, as a prerequisite to any action by the Franklin Township Planning Board and Board of Adjustment on *502 a developer's application, payment into an escrow account of sums required to be expended for professional fees in connection with such application.
The municipality relied on N.J.S.A. 40:55D-8 b in adopting the ordinance, and says that the purpose of the escrow deposits is to pay the costs of professional fees which might be incurred by the township in reviewing development applications. The trial judge upheld the ordinance in a letter opinion. On this appeal Flama argues that the ordinance impermissibly delegates legislative authority in contravention of the Municipal Land Use Law because it lacks adequate standards to enable the planning board and the board of adjustment to determine costs and because the ordinance is contrary to N.J.S.A. 40:55D-24 and N.J.S.A. 40:55D-71. Flama also argues that the ordinance violates public policy.
Flama concedes that N.J.S.A. 40:55D-8 b authorizes a municipality to impose reasonable fees to defray the cost of reviewing development applications. That statute provides in pertinent part:
Fees to be charged (1) an applicant for review of an application for development by a municipal agency, .. . shall be reasonable and shall be established by ordinance.
We affirm substantially for the reasons expressed by Judge Meredith in his June 27, 1984 letter opinion. We add the following additional comments.
The ordinance provides for a specific dollar amount to be posted by the developer based on the size of the development and whether the proposed development is residential or "commercial/industrial development." Hence, a developer knows approximately the sum required to be posted. The ordinance also authorizes deviation from that fee schedule dependent upon an assessment of the complexity of the application based upon four specific criteria set forth in the ordinance.
Under the specific criteria in the ordinance the respective boards determine whether the initial deposit is "sufficient, *503 excessive or insufficient," and may make an adjustment accordingly. In our view these criteria express a reasonable concern that the complexity of a development proposal may vary depending on the presence or absence of enumerated factors such as public water and sewer service, environmental considerations, traffic impact, and the impact of the development on existing aquifers and above-ground water quality conditions.
The ordinance also provides for a refund, with interest, of sums not actually expended to pay the cost of professional fees, including fees for testifying, incurred by the board in connection with a particular development application. Although the exact amount ultimately to be charged may not be definitely fixed at the application stage because of uncertainty as to what may be involved in reviewing the application, mathematical certainty is not required for a fee ordinance to pass muster. See Spiegle v. Borough of Beach Haven, 46 N.J. 479, 493 (1966); cf. Airwick Indus., Inc. v. Carlstadt Sewerage Auth., 57 N.J. 107, 122, 57 N.J. 107 (1970) (construing N.J.S.A. 40:14A-8(b)). All fees ultimately paid are subject to the requirement that they be reasonable, and that determination is subject to review by the courts.
It is beyond dispute that the Legislature may delegate authority to an agency as long as the legislation delegating such authority provides adequate standards to guide the agency in exercising the delegated power. E.g., Matter of Egg Harbor Associates, 94 N.J. 358, 372 (1983); Worthington v. Fauver, 88 N.J. 183, 208-209 (1982); Cammarata v. Essex County Park Comm'n, 26 N.J. 404, 410 (1958). If an ordinance is totally devoid of standards to guide and control administrative officials, the ordinance cannot stand. Brundage v. Randolph Twp., 54 N.J. Super. 384, 395 (App.Div. 1959), aff'd o.b. 30 N.J. 555 (1959); Gross v. Allan, 37 N.J. Super. 262, 267-269 (App. Div. 1955). However, the standards in the ordinance for the exercise of delegated authority "may either be expressed or implied from the legislation as a whole." Mister Softee v. *504 Mayor & Council of Hoboken, 77 N.J. Super. 354, 375 (Law Div. 1962); see Inganamort v. Borough of Fort Lee, 120 N.J. Super. 286, 304-305 (Law Div. 1972), aff'd 62 N.J. 521 (1973), appeal after remand 72 N.J. 412 (1977).
Our consideration of the ordinance and the statute satisfies us that it contains sufficient standards to guide the Franklin Township Planning Board and the Board of Adjustment in establishing reasonable fees to cover costs incurred in reviewing development applications as well as providing the needed flexibility of adjusting those fees as circumstances and conditions warrant. The ordinance thus does not constitute an impermissible delegation of authority. We are also satisfied that the fees have been sufficiently established by ordinance and the criteria and standards therein and that the method chosen by Franklin Township does not conflict with the provisions of N.J.S.A. 40:55D-8 b. See Cammarata v. Essex County Park Comm'n, supra, 26 N.J. at 410.
Flama also argues, apparently for the first time on appeal,[1] that the ordinance is contrary to N.J.S.A. 40:55D-24 and N.J.S.A. 40:55D-71, which respectively provide in pertinent part:
The planning board ... may employ, or contract for, and fix the compensation of legal counsel, other than the municipal attorney, and experts, ... not exceeding, ... the amount appropriated by the governing body for its use. [N.J.S.A. 40:55D-24].
a. The governing body shall make provision in its budget and appropriate funds for the expenses of the board of adjustment.
b. The board of adjustment may employ, or contract for, and fix the compensation of legal counsel, other than the municipal attorney, and experts ... not exceeding, ... the amount appropriated by the governing body for its use. [N.J.S.A. 40:55D-71].
Flama argues that these statutes require that professional fees incurred by the boards in reviewing a development *505 application must only be paid from funds previously appropriated for that purpose by the governing body. We find no such limitation in the language of the statute. Obviously, a governmental entity cannot expend funds which have not been appropriated. But these statutes refer to different situations. If the board hired employees or professionals on a permanent basis, or even as experts in other cases, it would have to have the moneys before it could enter into the contract. What is involved in the instant case is distinguishable. Here funds are required to be posted in escrow, at interest, with the ultimate amount of the fee being determined after the full extent of the expenses of the expert are known. We conclude that imposing such fees is within the authority of the planning board or board of adjustment, and that it is consistent with their role as quasi-judicial bodies. See J.D. Constr. Corp. v. Isaacs, 51 N.J. 263, 270 (1968); Auciello v. Stauffer, 58 N.J. Super. 522, 527 (App. Div. 1960); Geiger v. Levco Rt. 46 Assocs., 181 N.J. Super. 278, 281 (Law Div. 1981); Woodland Civic Ass'n v. Brick Homes, Inc., 144 N.J. Super. 78, 85 (Law Div. 1976). This is somewhat akin to the practice of courts in appointing independent experts and assessing the costs against the litigants. See e.g., Wayne Twp. v. Kosoff, 73 N.J. 8, 12-18 (1977); Wayne Tp. v. Cassatly, 137 N.J. Super. 464, 469 (App.Div. 1975), certif. den. 70 N.J. 137 (1976); Jersey City Redevelopment Agency v. Weisenfeld, 124 N.J. Super. 291, 294 (App.Div. 1973), certif. den. 63 N.J. 563 (1973). Thus, a developer would pay no more and no less than what he would properly be chargeable for as an expense to the municipality and its taxpayers incurred by the governmental review of an application. That amount may just as likely be less than the amount which had been required to be escrowed as it would be to equal or exceed the full amount required to be escrowed.
We thus reject Flama's contention that the Franklin ordinance is contrary to N.J.S.A. 40:55D-24 and N.J.S.A. 40:55D-71. We also reject Flama's argument that N.J.S.A. 40:55D-8 b requires the governing body to adopt an ordinance *506 each time an applicant is to be charged with the cost of expert fees in connection with reviewing an application. We read that provision as requiring the governing body to establish by ordinance a mechanism for determining the proper fee to be charged, and that as long as that mechanism contains adequate standards to prevent the exercise of arbitrary power the ultimate authority to determine the precise fees to be charged can be delegated. Cf. Cammarata v. Essex County Park Comm'n, supra, 26 N.J. at 410 ("Legislature may enact statutes setting forth in broad design its intended aims, leaving the detailed implementation of the policy to an administrative agency.") The within ordinance satisfies those requirements.
We find no merit in Flama's argument that the Franklin ordinance exerts an exclusionary influence on developers who might desire to build in the defendant township. Suffice it to say that the ordinance neither creates a burdensome financial threshold nor lengthens the approval process in a way which would contravene Oakwood at Madison v. Twp. of Madison, 72 N.J. 481 (1977) or South Burlington NAACP v. Twp. of Mt. Laurel, 92 N.J. 158 (1983).
In connection with its argument that the escrow ordinance violates public policy, Flama relies on Economy Enterprises, Inc. v. Manalapan Twp., 104 N.J. Super. 373 (App.Div. 1969). That case involved an ordinance, adopted while the prior land use law was in effect, which required a developer to deposit 5% of the estimated cost of completion of the project to pay the municipal engineer. The prior land use law did not specifically authorize charges to a developer for reasonable costs of inspection. It did give in general terms authority to enact ordinances and rules "necessary to carry into effect the powers and duties conferred and imposed" under the act "or by any law." N.J.S.A. 40:48-2. Although we there held the particular ordinance in part violative of public policy because the retained municipal engineer was left to value his own services without constraints, we also noted:

*507 It is entirely feasible for the municipality to amend its ordinance so as both to eliminate the objectionable practice now followed and yet achieve the object of recovering from developers as a class sums at least roughly correlative with the reasonable cost of administration of the inspection function. This could be done by instituting a scheme of fees on a fixed or mathematically determinable basis wherein the subjective judgment of the engineer as to the value of his services would play no part at all in the determination of the fee. It is not our province to specify any particular plan which would be valid. The many types of licensing ordinance extant illustrate the possibilities. While it may be that the fees will not in each case exactly reflect the municipal cost of administering the ordinance as to any particular developer, they may be fixed in such manner as, over the long run, to recover in the aggregate approximately the total cost of administration of the ordinance in the respect here involved....
Concomitant with the change in fee-fixing suggested above there would follow the desirable, if not mandatory, result of depositing fees in the municipal treasury in the manner of miscellaneous income generally, and payment of the engineer on a budgeted basis, so that he would not be pocketing directly as compensation the fees paid by the developers. [104 N.J. Super. at 381 (citations omitted)].
We consider as dicta our suggestion of the "desirable" requirement that the fees be deposited in the municipal treasury and that experts be paid on a budgeted basis. That statement was made not only before the adoption of the Municipal Land Use Law, but before enactment of the so-called "Cap" law, N.J.S.A. 40A:4-45.1, et seq. (L. 1976, c. 68, effective February 3, 1977). See Clark v. Degnan, 163 N.J. Super. 344 (Law Div. 1978), mod. and aff'd, 83 N.J. 393 (1980). We thus find nonexclusive that suggestion made in Economy Enterprises and determine that the Franklin Township ordinance is neither unfair nor violative of public policy. A municipality and its taxpayers should not have to be a joint venturer with a developer or take the risk that its application expenses will not be paid in the future.
Economy Enterprises did recognize, however, that an ordinance providing a nonarbitrary method of determining fees and not relying on the discretion of the expert retained by the municipality would be permissible. We are satisfied that the ordinance here under review provides a fair and nonarbitrary method of determining fees which relies not on the independent *508 judgment of the expert, but on sufficient criteria and standards, including that of reasonableness.
Affirmed.
NOTES
[1] This issue does not appear to have been raised below and hence the issue may not properly be before us. It is not set forth as an issue in the pre-trial order. If it was not raised below, as it appears, then it was required to have been so noted by the appellant in a separate point heading. See R. 2:6-2(a)(1). We have nevertheless considered the merits of the issue.