JOHN J. TUCCI, PLAINTIFF, v. THE MAYOR AND COUNCIL OF THE BOROUGH OF MOONACHIE, INDIVIDUALLY AND AS GOVERNING BODY OF THE BOROUGH OF MOONACHIE; GIULIO HRONCICH; GEORGE GERONDARAS; GERALDINE ROMANO; JOVAN MARINKOVIC; ELIZABETH POULOS; AND SANDRA FRANCK, DEFENDANTS.

Superior Court of New Jersey
Law Division Bergen County

Decided May 22, 1987.

*James A. Farber* for plaintiff (*DeCotiis & Pinto*, Esqs.)

*Paul S. Barbire* for defendants, Mayor and Council of the Borough of Moonachie (*Presto & Barbire*, Esqs.).

*Richard T. Rapone* for individual defendants (*Harker, Nashel, Kates, Modarelli & Nussman*, Esqs.).

MARGUERITE T. SIMON, J.S.C.

This opinion expands an oral opinion given on the return date of an order to show cause. The sole issue before this court is the proper interpretation of the appeal provision of the 1984 Amendments to the Municipal Land Use Law, *N.J.S.A.* 40:55D–17(a). The Moonachie Board of Adjustment approved plaintiff's application for a use or (d) variance and several objectors submitted a notice of appeal to the Moonachie Mayor and Council. Does that body have jurisdiction to hear the appeal?

The relevant Municipal Land Use Law section became effective March 22, 1984, and states: "Any interested party may appeal to the governing body any final decision of a board of adjustment approving an application for development pursuant to subsection 57d of this act if so permitted by ordinance." *N.J.S.A.* 40:55–17(a). This modified the prior Land Use Law provision which had provided for automatic appeals to the

governing body from all (d) variances and "if so permitted by ordinance, any other final decision of a board of adjustment or planning board on any class of application for development."

It is uncontroverted that the municipality enacted no new enabling ordinance after the effective date of the amendment. The governing body previously heard such appeals under a provision of the Moonachie Code which reflected the then applicable state law. The municipality argues that it has jurisdiction and relies upon this ordinance:

> Any interested party desiring to appeal the decision of the municipal agency shall appeal to the governing body (a) any final decision of a board of adjustment approving an application for development pursuant to N.J.S.A. 40:55D–57d and (b) any other final decision of the planning board or zoning board or adjustment on any class of applications for development. Moonachie Rev. Ord. Supp. 6/81 Section 19–3.12.

■ The borough contends that subsection (b) of their ordinance should be severed to permit subsection (a) to remain and operate to authorize appeal to the governing body. Plaintiff argues that the 1984 amendment requires that the municipality adopt a new ordinance specifically dealing with use variances and enabling appeal therefrom to the governing body. This court agrees with plaintiff.

In construing the meaning of a statute, the courts are to look to the express language of the statute; it is the statute as written that must govern. *Perez v. Pantasote, Inc.*, 95 *N.J.* 105, 114 (1984). Where the meaning of a statute may be subject to interpretation, the court's duty is to determine the intent of the legislature. *AMN, Inc. v. So. Bruns. Tp. Rent Leveling Bd.*, 93 *N.J.* 518 (1983). The introductory statement of the legislature in referring to the amendment comments that it amends the prior law:

> ... to (1) limit appeals to the governing body to approvals of "special reasons" or "use" variances. (2) give the governing body *the option of determining by ordinance* whether it will offer to hear these appeals, (3) give the objector the option of going directly to court even if a governing body appeal is available and (4) clarify the governing body's powers over an appealed decision. These amendments will preserve the governing body appeal for approvals of the most

drastic departures from municipal development regulations (if this is agreeable to the governing body and the objector). (Emphasis supplied).

The court's position is consistent with explanations of the revised appeal process written by members of the drafting committee. One writer explains that the governing body will hear appeals from only (d) or use variances and *only then* if the local ordinance, the local municipal land use ordinance specifically provides for such appeal." Stickel, "Governing Body Appeals," 114 *N.J.L.J.* 684 (1984). Another member of the legislative drafting committee responsible for the original Municipal Land Use Law and its amendments has commented: "Under the Amendment, the governing body will no longer be empowered to hear any appeals, except an appeal in the event of a 'd' variance by the board of adjustment, but then only if the governing body adopts an ordinance allowing such an appeal." Koenig, "Amendments to the Municipal Land Use Law," *New Jersey Municipalities*, p. 41, June 1984.

As mentioned above, the prior section of the Municipal Land Use Law provided for appeals to the governing body from all use variances and gave the municipality discretion to hear other final decisions of municipal agencies. This amendment gives the governing body the option of determining by ordinance whether it will hear appeals from the granting of (d) variances. Implicit in the exercise of an option is the need for an affirmative act. It is the court's opinion that the logical interpretation of this amendment is to provide for a review of a (d) or use variance only by a governing body which expressly assumes such right of review by adopting an ordinance. Under prior law many municipalities had in effect ordinances similar to that of the Borough of Moonachie which reflected the language of *N.J.S.A.* 40:55D–17 before the 1984 amendment. To interpret these ordinances as providing appeal to the governing body would, in effect, allow such an appeal in almost every instance of the grant of a use variance and subvert the purpose of the amendment to limit appeals.

■ The Mayor and Council of the Borough of Moonachie have not adopted an ordinance enabling appeal to the governing body as now required by *N.J.S.A.* 40:55D–17 and, therefore, they have relinquished their jurisdiction over such appeals.