PLANNING BOARD OF THE BOROUGH OF LEONIA, PLAINTIFF, v. BOROUGH COUNCIL OF THE BOROUGH OF LEONIA, DEFENDANT.

Superior Court of New Jersey
Law Division Bergen County

Decided September 30, 1987.

*Robert T. Regan* for plaintiff (*McGuire & Regan,* attorneys).

*Keith L. Flicker* for defendant (*Quinn, Coti & Flicker,* attorneys).

STARK, J.S.C.

The within facts raise the previously unaddressed question of whether the Municipal Land Use Law (MLUL) permits a municipal planning board to select an engineer of its choice notwithstanding governing body directives that the board utilize the municipal engineer's services.

The record reflects the following uncontroverted material facts. On January 1, 1987 defendant Leonia Borough Council (hereinafter council) voted to discontinue the services of Philip Kavanaugh of Boswell Engineering as the borough engineer. Kavanaugh had also acted as the plaintiff-planning board's (hereinafter board) engineer since 1984. On January 8, 1987, the board voted to retain Kavanaugh to attend board meetings and review applications. Raimondi Engineering was appointed borough engineer by resolution of the council on February 2, 1987. On March 30, 1987, a majority of the council directed Kavanaugh to desist from attending board meetings but permitted him to continue 13 projects. On May 14, 1987, the council modified its position and completely terminated Kavanaugh's duties.

Despite the action of the governing body, the board directed Kavanaugh to continue meeting attendance and engineering reviews. He submitted invoices totaling $730 for meeting attendance and work performed. The council declined payment of his vouchers at their June 1, 1987 meeting. This action was commenced on June 15, 1987 to determine which municipal body has authority to appoint the board engineer.

The council argues that budgetary considerations and custom, coupled with lack of express legislative exclusionary language, requires the board to regularly utilize the services of the borough engineer. It construes the board's statutory appointive power as being limited to those instances in which the

borough engineer lacks expertise on a specific topic. The board maintains that budgetary arguments are specious and as an autonomous body they have sole authority to designate their own experts.

The pertinent MLUL section and cognate ordinance pursuant to which the board appointed Kavanaugh state that "It may employ, or contract for, and fix the compensation of legal counsel, other than the municipal attorney, and experts, and other staff and services as it may deem necessary, not exceeding, exclusive of gifts or grants, the amount appropriated by the governing body for its use." *N.J.S.A.* 40:55D-24; *Ord.* § 37-5. It is axiomatic that a properly qualified and licensed engineer is an expert. *Savoia v. F.W. Woolworth Co.*, 88 *N.J.Super.* 153, 161–164 (App.Div.1965).

All of the board's duties routinely require the advice of an engineer. *Garofalo v. Burlington Tp.*, 212 *N.J.Super.* 458, 463 (Law Div.1985). Defendant council has consistently acknowledged this need by fully funding an attendance fee in its budget. Reviewing fees which comprise the bulk of payments to a board engineer are assessable against developers. *N.J.S.A.* 40:55D-8(b)(1). So long as an ordinance is enacted setting engineer fee standards, the community sustains no added burden and the planning board has access to independent professional advice. *Flama Const. Corp. v. Tp. of Franklin*, 201 *N.J.Super.* 498, 505 (App.Div.1985); *Economy Ent. Inc. v. Tp. Com. of Manalapan Tp.*, 104 *N.J.Super.* 373 (App.Div.1969). The council's budgetary arguments are thus vitiated by their explicit statutory capacity to insure the board's autonomy without fiscal impairment. *Ibid.* The council may not usurp the board's separately delegated power of appointment by failing to continue funding the position of board engineer. *Cf. Grosso v. Paterson*, 55 *N.J.Super.* 164, 174–175 (Law Div.1959).

■ The council's assertion that lack of legislative strictures on board expert appointments requires their use of the municipal engineer is equally without merit. The municipal engineer is an arm of the council whose office, terms, conditions and appointment may be created by ordinance without any advice, consent or approval from the board. *N.J.S.A.* 40A:9–140; *N.J. S.A.* 40:87–15; *cf. Jones v. Buford*, 71 *N.J.* 433 (1976). In this executive capacity, the MLUL restricts the borough engineer's duties to post-application enforcement. *N.J.S.A.* 40:55D–53; *Route 15 Associates v. Jefferson Tp.*, 187 *N.J.Super.* 481, 486–488 (App.Div.1982). The council cites no statutory authority which would allow it to compel board utilization of this executive officer.

■ Since neither council nor board has any inherent land-use power, each may only act by virtue of a statutory grant. *Dresner v. Carrara*, 69 *N.J.* 237, 241 (1976). Each has been delegated discrete but interrelated powers which, in turn, create a delicate balance between these two autonomous entities.[1] *Centennial Land & Dev. Co. v. Tp. of Medford*, 165 *N.J.Super.* 220, 225 (Law Div.1979); *Planning Bd. Tp. of West Milford v. Tp. Council*, 123 *N.J.Super.* 135, 150 (Law Div. 1973). Once the council has adopted planning and zoning

---

1(a) Board membership, *N.J.S.A.* 40:55D–23. The four classes of membership allow control of three seats by the legislative/executive branch of municipal government, four unaffiliated members and two neutral members in that the latter may be members of other autonomous boards. The governing body could appoint the municipal engineer as a class II member.

(b) Adoption of (or amendments to) any master plan, official map, capital projects and zoning ordinances, *N.J.S.A.* 40:55D–25, –28, –29, –32, –37 and –62. The cited sections accord deference to the planning board's expertise and autonomy in those spheres by requiring a majority of the full membership of the governing body to override recommendations made by the planning board. *Ibid.* The mayor and council must justify such disagreement with articulated reasons.

ordinances the board's implementation of the law through sub-division and site plan review is no longer subject to council scrutiny. *N.J.S.A.* 40:55D–17, –20 and –25; *cf. Tucci v. Mayor & Council of the Bor. of Moonachie,* 220 *N.J.Super.* 280 (Law Div.1987). Independent judgment is essential to fulfillment of the board's separate land use functions. *Baptist Home of South Jersey v. Bor. of Riverton,* 201 *N.J.Super.* 226, 233 (App.Div.1984). To achieve this, the Legislature granted the board the correlative power to appoint professional personnel with only one limitation: it may not use the services of the municipal attorney. *N.J.S.A.* 40:55D–24. This proscription rein-forced and augmented the statutory intent that professional advice to this administrative tribunal be free from actual or apparent governing body control. *In re Professional Ethics Opinion 452,* 87 *N.J.* 45, 51 (1981); *Baptist Home, supra* 201 *N.J.Super.* at 234; *Planning Bd. Tp. of West Milford, supra* 123 *N.J.Super.* at 150. Neither the limiting language as to attorneys nor the silence as to experts grants the council any power to actively or passively interfere with the board's selec-tion of professionals. *N.J.S.A.* 40:55D–20. The lack of statu-tory constraints within *N.J.S.A.* 40:55D–24 on expert appoint-ments must be construed as a delegation of unbridled discre-tionary power to the board. *Planning Board Tp. of West Milford, supra* at 149. Therefore, the council resolutions pur-porting to direct who should act as board engineer, what work that person could or could not perform, and refusal to release funds in payment of authorized vouchers, were an impermissi-ble attempt to arrogate the board's appointive power to itself and are void.

Barring conflict of interest, it is solely within the planning board's ambit of delegated authority to appoint any qualified licensed engineer it chooses. Kavanaugh is therefore the duly appointed board engineer and the council is directed to autho-rize release of funds in payment of vouchers submitted.