LEONARD D. STEVENSON, PROSECUTOR-RESPONDENT, v.
THE MAYOR OF THE CITY OF BRIDGETON ET AL.,
DEFENDANTS-APPELLANTS.

Argued May 22, 1939—Decided September 22, 1939.

For the defendants-appellants, *Samuel Iredell* and *David
L. Horuvitz.*

For the prosecutor-respondent, *Francis A. Stanger, Jr.,*
and *Robert G. Howell.*

The opinion of the court was delivered by

DONGES, J. This is an appeal from a judgment of the
Supreme Court, entered on order of Mr. Justice Porter, who
determined the matter sitting alone. Prosecutor-respondent,
Leonard D. Stevenson, brought *certiorari* upon the claim that
he was the incumbent of the office of tax collector of the city
of Bridgeton and that his possession of the office was threat-
ened by action of the governing body.

On January 1st, 1936, Stevenson was elected collector for
a term of three years. This was the term fixed by the act
concerning second class cities, *Comp. Stat., p.* 1403 (at *p.*

1420), which act is referred to in the briefs as the Charter act of the city of Bridgeton. There was approved on June 5th, 1936, to be effective December 1st, 1936, chapter 141, *Pamph. L.* 1936, *p.* 332, which extended the term of tax collectors in all municipalities except those having a population in excess of three hundred thousand to five years, and by its terms applied to incumbents in office. This act was omitted from the Revision of 1937, but there was included in that Revision as 40:46-6.1, chapter 142 of the laws of 1937, which fixed a term of office for collectors in all municipalities of four years for all such collectors appointed or elected after June 2d, 1937. The so-called Charter act (*Comp. Stat., p.* 1403), was saved by repeal, and thus in effect re-enacted in *R. S.* 40:106-1, together with a stated list of amendments and supplements.

Prosecutor had at the commencement of his term posted a bond for a period of three years, and on January 2d, 1939, tendered a bond for a further period of two years, which was rejected.

On January 2d, 1939, at the annual reorganization meeting, city council, taking the position that prosecutor's term was for three years and had expired, elected one Frank E. Hoagland as collector. He took the qualifying oath and filed a bond. His term was fixed at three years, which would seem to be in contravention of *R. S.* 40:46-6.1, above mentioned. Prosecutor declined to surrender the office and brought *certiorari,* resulting in judgment in his favor.

The first point is that the act of 1936, chapter 141, under which prosecutor claims a five-year term is no longer the law, and that, therefore, prosecutor acquires no right thereunder and his term of office ended at the expiration of three years from the date of his election in 1936. If there be any doubt on this question, it seems to be set at rest by the provision in *R. S.* 1:1-12 that "No office, position or employment, created and existing at the time when the Revised Statutes shall become effective, under or by virtue of any statute then in force, shall be abolished nor shall the tenure, term or salary of any incumbent thereof be in any manner affected by the enactment of the Revised Statutes."

Appellant's next point is that *certiorari* is not the available remedy because prosecutor is not shown to be lawfully entitled to the office. In *Bradshaw* v. *City Council of Camden,* 39 *N. J. L.* 416, the leading case on the subject in this state, Mr. Justice Van Syckel said: "If the title of a claimant in possession of the office was to be tried, it would be necessary to resort to a *quo warranto,* but the relator in this case being in possession of the office, the proceedings taken by the common council, threatening to disturb him in the enjoyment of it, can be reviewed only by *certiorari.* The object of prosecuting *quo warranto,* is to have one in possession adjudged guilty of usurpation. The plaintiff in this case sues for no such end; his only purpose is to remove from his way a proceeding which he apprehends may be used unlawfully to eject him." See *Moore* v. *Bradley Beach,* 87 *Id.* 391, and *Murphy* v. *Freeholders,* 92 *Id.* 244, in which Moore *v.* Bradley Beach, which followed and approved *Bradshaw* v. *Camden, supra,* was in turn followed and approved. This is the settled law of the state. Since prosecutor is admittedly in possession of the office under a claim of right, *certiorari* is the proper proceeding to test the merits of his claim.

It is next contended that chapter 141 of the laws of 1936 is in violation of paragraph 11 of section 7 of article 4 of the State Constitution prohibiting the passage of any special or local law regulating the internal affairs of a municipality, because it excludes cities of the first class from its operation.

In *McCarthy* v. *Queen,* 76 *N. J. L.* 144, Mr. Justice Trenchard, speaking for the Supreme Court, after the opinions of the Supreme Court and Court of Errors and Appeals, said:

"The propositions thus established embody this rule applicable to the present case—that a law will be general although it embraces only a class of cities formed on the basis of their population according to the discretion of the legislature, provided the law deals merely with the structure, machinery or powers of municipal government, and provided the class does not appear to have been formed illusively."

The case of *Raymond* v. *Teaneck,* 14 *N. J. Mis. R.* 487; *affirmed,* 118 *N. J. L.* 109, relied upon by appellants, held a statute invalid as violating the second requirement, namely

that the classification shall not be illusory. It was plainly special by reason of its double class limitation and arbitrary character; there being no substantial basis for the classification made therein. In that act, one proviso limited its operation to cities having a population less than three hundred thousand and another proviso excluded cities between one hundred and thirty-five thousand and two hundred thousand in population which had commissioners of assessment.

In a number of cases our courts have held that classification of municipalities on the basis of population does not render an act void, provided the act relates to the structure and machinery of government, and the classification has reasonable relation to the subject-matter.

The very illuminating opinions of Mr. Justice Garrison in *Attorney-General* v. *McGuinness, 78 N. J. L.* 346, and of Mr. Justice Swayze in *Attorney-General* v. *McKelvey, Ibid.* 621, clearly express the views of this court in passing upon the question of the constitutionality of acts of the legislature like the one under review. The rule laid down in these cases has not been departed from, but on the contrary has been followed. See cases cited in *Raymond* v. *Teaneck, supra.*

We cannot say that the exclusion of cities of the first class from the operation of the act was illusory and intended to circumvent the constitutional limitation or that it does not bear a reasonable relation to the subject-matter of the legislation.

In view of our conclusion as to the constitutionality of the act under review, it is unnecessary to deal with the other questions argued in appellant's brief.

The judgment under review is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ.   14.

*For reversal*—None.