FRANK HEWITT, PROSECUTOR, v. MAYOR AND BOROUGH COUNCIL OF THE BOROUGH OF SEASIDE PARK, IN THE COUNTY OF OCEAN, RESPONDENT.

Submitted October 2, 1945—Decided December 10, 1945.

Before Justices CASE, BODINE and PERSKIE.

For the prosecutor, *Wilfred B. Wolcott.*

For the respondent, *Percy Camp.*

The opinion of the court was delivered by

CASE, J. The writ challenges an ordinance of the Borough of Seaside Park which relates to the prosecutor in his position as collector—and *ex officio* as treasurer—of the borough. The disputed provisions establish the location of the office of the collector—treasurer in the borough hall; require his attendance there between named hours on each day of each week, excluding Sundays and legal holidays; require daily deposit of his receipts in the official depository of the funds of the municipality; and permit him to employ a clerk or clerks at his expense and liability to act in lieu of his personal performance of his duties, provided said clerk or clerks be bonded

upon bonds approved by and held by the borough but paid for by him.

The ordinance was inspired chiefly by the fact that the named officer has several private business enterprises, namely, a real estate agency, an insurance agency, an ice business and an express delivery service, all of which he conducts at the place of business where he holds forth as borough collector and treasurer. The borough has a public building known as the Borough Hall, a municipal building in which all municipal offices, except that of the collector of taxes and the treasurer, were already located. The borough collector holds an elective office, *R. S.* 40:87–1, and under statutory direction, *R. S.* 40:87–46, becomes the borough treasurer. The question which the parties particularly desire to have answered is whether the borough council may, by ordinance, require the tax collector's office to be located in the municipal building and the business of the office to be transacted there.

We answer that principal question in the affirmative. Although the tax collector holds an elective office and his duties are in the main defined by statute, he is nevertheless a borough officer engaged in performing an important branch of the borough's business, a division of the public enterprise that is closely integrated with and in some named respects placed under the direction of the borough council. The collector is required by statute, *R. S.* 40:87–47, to furnish to the council a report of his year's work within sixty days after the end of the fiscal year *or when otherwise required by the council;* in addition he is required by statute, *R. S.* 40:87–48, to make further and *ad interim* accounting *when requested by the council* of his receipts and disbursements and to deposit in any bank or banking institution *designated by the council* all moneys received by him (*Cf. Secaucus* v. *Kiesewetter,* 83 *N. J. L.* 227, 228); he is obliged, *R. S.* 40:87–49, to give a bond to the borough *when required by the council;* his compensation is fixed, *R. S.* 40:87–59, *by the council;* he is subject, *R. S.* 40:87–52, to action *at the suit of the council* or to removal *by the council* on charges and hearing for failing to account or to deposit in designated banking institutions contrary to *R. S.* 40:87–48. The intimate part in the munici-

pal life occupied by the collector and treasurer and the necessary co-ordination between his functions and the various municipal undertakings are such as to make a municipal building or the borough hall a peculiarly fitting *locus* for his official business. The function of providing and equipping such a structure for the public use is with the council (1 *C. S.* 239, *plac.* 28; *R. S.* 40:60–6, *et seq.*), and it is a rational conclusion, as we think, that the council may require the borough's public business to be there transacted. Such a power over the location of the collector's office is implicit in *R. S.* 54:4–72, *infra.* We hold that the council has the questioned power.

The specific authority lodged by statute (*R. S.* 40:87–48) in the council to require the collector to deposit in a designated banking institution all moneys received by him carries the implied authority to require that the deposits shall be made with such frequency as is incident to sound business practice; and the direction that deposit shall be made daily of the collector's receipts is not, we think, an unreasonable exercise of that authority.

But we are cited to no support for the control by council over the days and hours of attendance by the collector at his office in such completeness and detail as are manifested in the ordinance. Doubtless the time devoted by that officer to his work and the number of days and hours his office is kept open for business are factors that influence the council in determining the amount of his salary; and perhaps the logical scheme would be to fix the salary and the required office days and hours in the same ordinance, as has been done. We are of the opinion, however, that *R. S.* 54:4–72, in providing that "in taxing districts having a public building, an office therein shall be set apart for the collector who shall attend there on such days in each week during the months next preceding the month in which taxes become delinquent, as the governing body may by resolution designate," indicates the legislative thought that there are intervals during which the governing body does not have the power to compel attendance. We observe that the plural *"months"* is used in the phrase "the months next preceding the month in which taxes become

delinquent." We do not determine whether that means one month or more than one month before recurring tax-delinquency periods. The point has not been argued. And we have no occasion to decide whether the exercise by council of such power as it has over the periods of attendance may be by ordinance or must be by resolution in accord with the wording of the statute. It seems strange that the statute does not go at least so much further as to embrace the tax-delinquency days and the days immediately following; but perhaps the legislature considered that a collector in the due performance of his duty would certainly attend at such times without specific direction.

Also, we are shown and have discovered no authority in the council to control the selection or bonding of assistants in the manner provided in the ordinance.

The ordinance offends in the latter respects and will, therefore, be set aside. The results are divided; no costs will be allowed.