JOSEPH P. McQUEENEY, PLAINTIFF-APPELLANT, v. AR-LENE RAYMOND, BOROUGH CLERK OF THE BOROUGH OF EMERSON, MAYOR AND COUNCIL OF THE BOR-OUGH OF EMERSON, AND CARL R. HARTMAN, COUNTY CLERK OF THE COUNTY OF BERGEN, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued October 10, 1978—Decided October 18, 1978.

Before Judges FRITZ, BISCHOFF and MORGAN.

*Mr. Robert T. Regan* argued the cause for appellant (*Mesrs. Randall, Randall & McGuire,* attorneys).

*Mr. Seymour Chase* argued the cause for respondents Arlene Raymond, Borough Clerk of the Borough of Emerson, and Mayor and Council of the Borough of Emerson.

PER CURIAM. Plaintiff commenced this action by filing a verified complaint and order to show cause seeking to overturn the decision of the Mayor and Council of the Borough of Emerson which certified to the County Clerk of the County of Bergen that plaintiff's term of office as Collector expired on December 31, 1978, and that this office should be listed on the ballot for the primary and general elections. The trial judge, finding that "Mr. McQueeney ran for Collector and he got elected as Collector and he acted as Collector and he maintained his position as Collector, not as Tax Collector — as Collector —," concluded that McQueeney "is bound by the provisions of RS40:87–10 and his term of office is three years." He vacated the order to show cause and dismissed the complaint. Plaintiff appeals, insisting that his term is controlled by *N. J. S. A.* 40A:9–142. We reverse.

The facts are not in dispute. On November 4, 1975 plaintiff was elected to the municipal position listed on the ballot as "Collector." To the extent the finding above that plaintiff "got elected as Collector" refers to this event it is unassailable. In the course of the performance of his duties plaintiff collected municipal revenues, including sewer rents. (Indeed, he successfully prosecuted a legal action to vindicate his right as Collector to perform this latter function.) To the extent that the above findings that plaintiff "acted as Collector and * * * maintained his position as Collector" refer to this conduct, they are equally unassailable. But it is clear that plaintiff also collected taxes. To the extent that the findings of the trial judge imply to the contrary by the phrase "not as Tax Collector," they are distinctly contrary to the uncontroverted evidence. Whatever else John P. McQueeney might have done or been, he was, in his elected position, a collector of taxes. It is equally clear that there was no other tax collector in the Borough of Emerson.

At first blush a superficial attraction compels toward the argument that *N. J. S. A.* 40A:9-141 mandates the appointment or election of "a municipal tax collector" in "every municipality." Unless Emerson is to be deemed in violation of this legislatively ordained mandate — a presumption which we will not indulge — plaintiff was elected to this office on November 4, 1975, regardless of the abridgement of the title on the ballot or regardless of what other duties the position may encompass. But the simple persuasion of this argument is largely dissipated by the inclusion in the statute (at the insistence of the Governor's veto message to the bill as it was originally passed, as a replacement for the phrase, "or some other official to perform the customary duties of such collector") of the phrase "unless otherwise provided by law." It does not escape our attention that with regard to the borough form of government, *N. J. S. A.* 40:87-1 mandates simply the office of collector, a term also used in *N. J. S. A.* 40:87-10, a statute in which a three-year term is prescribed for a collector.

On the other hand, *N. J. S. A.* 40:87–15, also referring to the organization of the borough and clearly to be read *in pari materia* with the other statutes to which we have made reference, speaks of "the elected tax collector."

An attempt to extract from this bramble bush of legislation whose fringes we have barely invaded, a fixed, identifiable, purposeful and immutable legislative distinction between a collector and a tax collector is not only frustrating but futile.

Wholly appropriate are the observations of Justice Hall, spoken in a different context, in *Clifton v. Zweir*, 36 *N. J.* 309 (1962):

This situation projects once more the matter of resolution of conflicts and omissions involving local government statutes — an ever recurring source of difficulty in New Jersey because in this State it is common to legislate as to municipal affairs in many ways. A single municipality may be subject to laws based on classification (city and classes thereof, borough, town, township, village), form of government (commission, manager, Faulkner act optional charters), general acts applicable to all municipalities (so-called Home Rule Act of 1917, planning and zoning laws, etc.), special legislative charters and other groupings, as well as non-statutory general law (*e. g., Manno v. City of Clifton*, 14 *N. J. Super.* 100 (*App. Div.* 1951)). Conflicts and gaps are inevitable, answers rarely easy and clear-cut. Litigated results frequently seem difficult of reconciliation, especially from the point of view of the expressed rationale of judicial opinions. * * * [at 322]

But as is also pointed out in *Clifton v. Zweir, supra,* our bounden obligation is nonetheless somehow to divine the legislative intent and "to seek the sense of the situation" in that effort. *Id.* at 323.

One thing seems clear, especially from the legislative history expressed in the enactment of *N. J. S. A.* 40:46–6.1, the predecessor statute to *N. J. S. A.* 40A:9–142: the Legislature intended to separate the person collecting taxes from political influence to the greatest possible extent and to produce uniformity among various types of municipalities in the term of the office of tax collector. Toward those ends

it enacted the earlier statute and reenacted its term of office in the later statute. We are content that be anything else as it may, the Legislature intended that the person who collects taxes — whatever he be called and whatever else he might do — should serve a four-year term.

Accordingly, plaintiff need not stand for election in 1978. His obligation to collect the taxes for Emerson continues for another year because

\* \* \* a municipality is without authority to establish any other term, either longer or shorter, than that fixed by the Legislature, and that once a valid appointment has been made, the office, in contemplation of law, has been filled for the statutory period. [*Ream v. Kuhlman*, 112 *N. J. Super*. 175, 189 (App. Div. 1970)]

Convinced as we are in this regard, we need not consider plaintiff's argument that *N. J. S. A.* 40A:9–141 and 142, impliedly repealed *N. J. S. A.* 40:87–10, with its vexing problem of whether there may be municipal collectors who collect some revenues but not taxes.

Reversed and remanded for the entry of an appropriate judgment.