BARBARA J. VAN ALLEN, PLAINTIFF, v. THE BOARD OF COMMISSIONERS OF THE TOWNSHIP OF BASS RIVER AND THE TOWNSHIP OF BASS RIVER, DEFENDANTS.

Superior Court of New Jersey
Law Division Burlington County

Decided August 31, 1984.

William S. Cappuccio for plaintiff.

*Frank A. Buczynski, Jr.* for defendants (*Shackleton, Hazeltine & Buczynski,* attorneys).

HAINES, A.J.S.C.

Plaintiff Barbara Van Allen is a tenured, certified tax collector for the Townships of Bass River and Woodland. She serves both communities by maintaining her office on a part-time basis and performing some of her work at home. Bass River has adopted a resolution providing in part as follows:

> The Tax Collector be and is hereby directed to establish office hours five days a week for each month next preceding the month the day upon which taxes are due which by law do not become delinquent until the tenth day of the second month of the quarter for each of the four quarters in any calendar year which specifically means that between January 10th and February 10th, April 10th and May 10th, July 10th and August 10th, and October 10th and November 10th, the tax collector be and is hereby directed to maintain her office open during normal business hours which are 9:00 A.M. to 12:00 P.M. and 1:00 P.M. through 5:00 P.M. Mondays through Fridays during the aforementioned dates.

The collector has filed suit seeking to invalidate the resolution. This opinion disposes of the matter, there being no factual dispute, in response to an order to show cause obtained by her.

█ The tax collector is an officer, not an employee of the municipality. The statutes have always referred to the "office" of tax collector, *e.g., N.J.S.A.* 40A:9-141 to -145.12; *N.J.S.A.* 54:4-73 and -122.2; *N.J.S.A.* 40:73-9. References to "office" appear in the cases: *Beirne v. Gangemi,* 74 *N.J.Super.* 557 (App.Div.1962); *McQueeney v. Raymond,* 163 *N.J.Super.* 36 (App.Div.1978); *Stevenson v. Bridgeton,* 123 *N.J.L.* 219 (Err. & App.1939). An office is to be distinguished from a position or an employment. The distinction is set forth in *Thorp v. Bd. of Trustees of Schools for Industrial Ed.,* 6 *N.J.* 498 (Sup.Ct. 1951):

> An office is a place in a governmental system "created or recognized by the law of the State which, either directly or by delegated authority, assigns to the incumbent thereof the continuous performance of certain public duties"; a position is analogous to an office "in that the duties that pertain to it are permanent and certain, but it differs from an office in that its duties may be

nongovernmental and not assigned to it by any public law of the State"; and an employment differs from both an office and a position "in that its duties, which are nongovernmental, are neither certain not permanent." *Fredericks v. Board of Health,* 82 *N.J.L.* 200 (Sup.Ct.1912). The test of a public office is whether the incumbent is "invested with any portion of political power partaking in any degree in the administration of civil government, and performing duties which flow from the sovereign authority." *City of Hoboken v. Gear,* 27 *N.J.L.* 265 (Sup.Ct.1859). [at 506–507]

It is apparent that the tax collector occupies an "office" pursuant to this definition: she occupies a place in our system of government created by statute and is charged with the continuous performance of permanent and certain public duties, namely, the collection of taxes.

 This conclusion is important in addressing the present dispute. As the occupant of an office established by statute, the collector has two obligations: (1) to discharge responsibly the duties imposed upon her by statute and (2) to comply with all authorized regulations of the governing body of the municipality she serves. Such regulations are authorized only if the power to adopt them has been delegated by the Legislature to the municipalities. *Ringlieb v. Parsippany-Troy Hills,* 59 *N.J.* 348, 351 (1971).

The appointment of the tax collector, her term of office, and provisions for her tenure, as well as her removal, are set forth in *N.J.S.A.* 40A:9–141 to –145.12. The duties of the collector and the governing body relating to the collection of taxes are set forth in *N.J.S.A.* 54:4–64 to –133. The tax collector is required to:

Prepare and mail tax bills (§ 64); record tax payments on permanent records (§ 71) "be open at all reasonable times to public inspection" (§ 71); attend an office in a public building when the taxing district has such a building (§ 72); report collections to the municipality (§ 73); enforce the payment of personal property and dog taxes (§ 73). In her discretion, she may imprison taxpayers for nonpayment of personal property or dog taxes (§ 79) and may appoint a deputy for that purpose (§ 79). She may sell personal property and timber for nonpayment of taxes (§§ 84–90). She must file an annual statement covering taxes and collections (§ 91), publish a list of delinquents (§ 95), deposit tax collections in designated banks or trust companies, and give bond "whenever required by the local governing body," in the form and amount approved by the State Board (§§ 122.4 & 5). With the approval of the governing body she may

bring an action to appoint a receiver of the income of real property for the purpose of collecting taxes (§ 123) and may intervene in a mortgage foreclosure suit to obtain an order for payment of taxes if a receiver is in possession (§ 131).

The governing body, in addition to its power to require the collector to be bonded and to permit a receivership application, may:

Provide a discount for the early payment of taxes (§ 67); receive orders of a board of education for the payment of taxes (§ 70); fix the dates on which the collector shall report and pay collections to the municipality (§ 73); provide for not more than 5% of taxes collected as additional fees for the Collector (§ 85); appoint a collector of arrears (§ 86); settle arrears of taxes when they exceed the value of the real property upon which they are assessed (§ 96); adjust and settle past-due taxes (§ 99) but not the principal sum unless market value is exceeded (§ 100); maintain a system of "internal checks upon the tax collection process" (§ 122.6); require the Collector to use a tax bill receipting machine (§ 122.8), and designate a bank or trust company to receive all tax payments as agent for the collector, making it unlawful for the collector to accept or receive tax payments except through such agent (§ 122.9).

In the present dispute the Township relies upon *N.J.S.A.* 54:4–72, which provides:

In taxing districts having a public building, an office therein shall be set apart for the collector who shall attend there on such days in each week during the months next preceding the month in which taxes become delinquent, as the governing body may by resolution designate.

This statute has been construed only once, in *Hewitt v. Seaside Park*, 133 *N.J.L.* 467 (Sup.Ct.1945). There, the municipality adopted an ordinance establishing an office for the tax collector in which it required his attendance between named hours on each day of each week, excluding Sundays and holidays. The ordinance was challenged by the collector. After reviewing the statutory authority of the governing body, the court held that *N.J.S.A.* 54:4–72 clearly authorized the governing body to fix the location of the collector's office. It went on to say, however, that the ordinance was overbroad in its attempt to control the days and hours of his attendance at that office. It said:

But we are cited to no support for the control by council over the days and hours of attendance by the collector at his office in such completeness and detail as are manifest in the ordinance. Doubtless the time devoted by that officer to his work and the number of days and hours his office is kept open for

business are factors that influence the council in determining the amount of his salary; and perhaps the logical scheme would be to fix the salary and required office days and hours in the same ordinance, as has been done. We are of the opinion, however, that *R.S.* 54:4–72, in providing that 'in taxing districts having a public building, an office therein shall be set apart for the collector who shall attend there on such days in each week during the months next preceding the month in which taxes become delinquent, as the governing body may by resolution designate,' indicates the legislative thought that there are intervals during which the governing body does not have the power to compel attendance. We observe that the plural 'months' is used in the phrase 'the months next preceding the month in which taxes become delinquent.' We do not determine whether that means one month or more than one month before recurring tax delinquency periods. The point has not been argued. And we have no occasion to decide whether the exercise by council of such power as it has over the periods of attendance may be by ordinance or must be by resolution in accord with the wording of the statute. It seems strange that the statute does not go at least so much further as to embrace the tax delinquency days and the days immediately following; but perhaps the legislature considered that a collector in the due performance of his duty would certainly attend at such times without specific direction. [at 469–470]

The statutes which delegate authority to the governing body over the collector have not changed in any significant way since the *Hewitt* decision. They do not make any provision for the control of hours of attendance. They do (in § 72) authorize the governing body to require the collector's attendance at her office on certain "days," but only "during the months next preceding the month in which taxes become delinquent." It is argued that fixing "days" makes no sense unless hours are fixed as well. Otherwise, the collector could attend her office for only five minutes during each "day" and thereby frustrate the intention of the governing body. That argument is not persuasive.

The Legislature has seen fit to provide certain specific authority to governing bodies over the collection of taxes and the operations of tax collectors. It could have provided express authority for the regulation of hours. It did not do so. That additional authority should not be provided by a court in these circumstances. *Keenan v. Essex Co.*, 101 *N.J.Super.* 495, 507 (Law Div.1968), aff'd 106 *N.J.Super.* 312 (App.Div.1969). The Legislature may have omitted any reference to hours deliber-

450

ately. It may have recognized the fact that tax collectors in small communities are part-time officials who can serve more than one municipality, if permitted to fix their own hours. The arrangement may permit small municipalities to obtain experienced collectors not otherwise available. It is to be assumed that the Legislature was aware of the difference between an "office" and an "employment", and chose not to have collectors treated as employees. *West Milford Planning Board v. West Milford,* 123 *N.J.Super.* 135 (Law Div.1973). It may have concluded that good tax collectors may be found more readily if they have the right to regulate their own hours. It may have recognized the fact that the power to fix hours may also be (as here) the power to remove a tax collector from office. These reasons, or any of them, or others not here considered, reflect a legislative intent that the regulation of office "days," except in certain months, and of office hours at all times, is the perogative of the tax collector, not the governing body.

■ The township resolution also provides:

The Tax Collector be and is hereby directed to perform all official business of the tax collector's office in the municipal building and shall maintain all books and records in her office.

No statute authorizes these provisions. They are overbroad. "Official business" is not defined. The governing body is permitted by legislation to "maintain a system of internal checks upon the tax collection process" (§ 122.6), but only by designating a clerk to prepare a quarterly list of delinquent taxes, to verify cash accounts and to determine whether the collector's duplicate is correctly posted and in balance (§ 122.7). It may also require the collector to use a tax bill receipting machine to which only the designated clerk shall have access (§ 122.8) and may designate a bank or trust company to collect taxes (§ 122.9) There is no legislation, however, which provides Bass River with the power to establish the controls set forth in its resolution.

■ It is clear that the governing body could, as it attempted to do, fix certain "days" during which the collector would be

obliged to attend her office in the municipal building. These would have to be designated in the months of January, April, July and October, which are the "months next preceding the month in which taxes become delinquent," as authorized by *N.J.S.A.* 54:4–72. The present resolution is defective in that it requires attendance from the tenth of one month to the tenth of the next. This is not a correct reading of the statute. The full preceding month is the only month during which days of attendance may be fixed by the governing body.

The resolution must be invalidated in its entirety. It is beyond the delegated powers of the governing body of Bass River Township.

■ This conclusion does not affect the duties of the collector. She must discharge all of them reasonably and responsibly. As a public officer, it is to be expected that she will. If she does not, *N.J.S.A.* 40A:9–145.8 provides machinery for her removal from office. She may not be removed "for political reasons but only for good cause shown and after a proper hearing." There is no claim in these proceedings that any good cause exists for her removal.