211 N.J. Super. 407 (1986)
511 A.2d 1243
BARBARA J. VAN ALLEN, PLAINTIFF-RESPONDENT,
v.
THE BOARD OF COMMISSIONERS OF THE TOWNSHIP OF BASS RIVER AND THE TOWNSHIP OF BASS RIVER, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued June 10, 1986.
Decided July 2, 1986.
*408 Before Judges ANTELL, MUIR and ASHBEY.
Frank A. Buczynski, Jr. argued the cause for appellant (Shackleton, Hazeltine & Buczynski, attorneys; Robert P. Airgood on the brief).
*409 William S. Cappuccio argued the cause for respondent (William S. Cappuccio, attorney; William S. Cappuccio on the brief).
The opinion of the court was delivered by, ANTELL, P.J.A.D.
Plaintiff is and has been the tax collector for defendant Township of Bass River since 1971. In 1980, pursuant to an ordinance, her salary was fixed at $9450 a year. In June 1980 plaintiff took on additional employment in a neighboring municipality and advised defendants of this fact by letter dated May 30, 1980, stating therein that she would be willing to continue her services as tax collector at a reduced salary effective July 1, 1980. Defendants agreed and her salary was reduced to $6800 per annum.
In July 1981 plaintiff left her outside employment and returned to working full time as a tax collector in the Bass River Municipal Building. Her request for restoration to her full salary of $9450 was answered by an increase from $6800 to only $7650 in 1982.
The first issue we consider on this appeal by defendants is whether the Law Division correctly ordered full restoration of plaintiff's previous salary of $9450. In reaching its result the Law Division principally relied upon N.J.S.A. 40A:9-165[1] which provides, in pertinent part, as follows:
The governing body of a municipality, by ordinance, shall fix and determine the salaries, wages or compensation to be paid to the officers and employees of the chief executive, who by law are entitled to salaries, wages, or compensation. Such salaries, wages or compensation may be from time to time, by ordinance, increased, decreased or altered. No such ordinance shall reduce the salary of, or deny without good cause an increase in salary given to all other municipal officers and employees to, any tax assessor, tax collector or municipal clerk during the term for which he shall have been appointed. Except with respect to an ordinance or a portion thereof fixing salaries, wages or compensation of elective officials or any managerial, executive or confidential employee as *410 defined in section 3 of the New Jersey Employer-Employee Relations Act, P.L. 1941, c. 100 (C. 34:13A-3) as amended, the ordinance shall take effect as provided therein. In municipalities wherein the provisions of Title 11 (Civil Service) of the Revised Statutes are in operation, this section shall be subject thereto. [Emphasis supplied].
Recognizing plaintiff's status as a statutory officer, the court decided by order dated August 20, 1985, that plaintiff's exercise of a "gratuitous and limited forbearance" from collecting her full salary for a period of time did not bar her right thereto in the future by operation of waiver or estoppel. We affirm substantially for the reasons stated by Judge Friedman in his oral opinion of August 8, 1985 for the Law Division, adding only a brief comment.
"`Waiver' has been defined as a voluntary and intentional relinquishment or abandonment of a known existing legal right, advantage, benefit, claim, or privilege, which except for such waiver the party would have enjoyed; the voluntary abandonment or surrender, by a capable person, of a right known by him to exist, with the intent that such right shall be surrendered and such person forever deprived of its benefit; or such conduct as warrants an inference of the relinquishment of such right; or the intentional doing of an act inconsistent with claiming it. Thus, a `waiver' occurs where one in possession of any right, whether conferred by law or by contract, with full knowledge of the material facts, does or forbears to do something, the doing of which or the failure or forbearance to do which is inconsistent with the right or his intention to rely upon it; a `waiver' takes place where one dispenses with the performance of something which he has a right to exact." 67 Corp. Jur. 289. See, also, Aron v. Rialto Realty Co., 100 N.J. Eq. 513; affirmed, 102 N.J. Eq. 331; Smith v. National Commercial Title and Mortgage Co., 120 N.J.L. 75; Sullivan v. James Leo Co., 124 N.J. Eq. 317. [McCue v. Silcox, 122 N.J.L. 12, 13-14 (E. & A. 1938)].
See Long v. Bd. of Chosen Freeholders, Hudson County, 10 N.J. 380, 386 (1952); Merchants Indem. Corp. v. Eggleston, 68 N.J. Super. 235 (App.Div. 1961), aff'd 37 N.J. 114 (1962). A waiver must "`be clearly established and will not be inferred from doubtful or equivocal acts or language.'" 5 Williston on Contracts (3 ed. 1961) § 678 at 240 (citation omitted). "It may take the form of an agreement founded on a valuable consideration, or ... it may constitute a clear, unequivocal and decisive act showing such a purpose as to amount to estoppel in pais." Merchants Indem. Corp. v. Eggleston, supra, 68 N.J. Super. at 254; see West Jersey Title, etc., Co. v. Industrial Trust Co., 27 N.J. 144, 152-153 (1958).

*411 To establish a claim of equitable estoppel, the claiming party must show that the alleged conduct was done, or representation was made, intentionally or under such circumstances that it was both natural and probable that it would induce action. Further, the conduct must be relied on, and the relying party must act so as to change his or her position to his or her detriment. [Miller v. Miller, 97 N.J. 154, 163 (1984).]
Our role in reviewing factual determinations after a non-jury trial is limited. Such findings may not be disturbed unless "they are so wholly insupportable as to result in a denial of justice...." Greenfield v. Dusseault, 60 N.J. Super. 436, 444 (App.Div.), aff'd o.b. 33 N.J. 78 (1960). Our original fact-finding jurisdiction may be exercised only sparingly and only in a clear case where there is no doubt about the matter. Ibid. "Findings by the trial judge are considered binding on appeal when supported by adequate, substantial and credible evidence." Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 484 (1974).
The issues of waiver and estoppel involve the making of highly factual determinations. Here the trial judge found a lack of intention on plaintiff's part to forego permanently her full salary and no acts of reliance on plaintiff's conduct by defendants involving a detrimental change of position. Although plaintiff was entitled to her full salary of $9450 she voluntarily accepted only $6800 during the period of time she held the second job. We have been shown nothing in the evidence to preclude the restoration of her full salary at plaintiff's request.
The other issue herein presented arises from a resolution adopted May 3, 1984, by defendants requiring the tax collector to maintain office hours five days a week from 9:00 a.m. to 5:00 p.m. between January 10 and February 10, April 10 and May 10, July 10 and August 10, and October 10 and November 10. By order dated September 25 the Law Division invalidated the entire resolution, holding that although, under N.J.S.A. 54:4-72, defendants could specify the days of certain months on which the tax collector must attend her office in the municipal building, it could not require attendance from the 10th of one month *412 to the 10th of the next or fix the hours of the day when the office must be open.
The statute empowers the governing body to designate the days on which the collector must attend her office "in each week during the months next preceding the month in which taxes become delinquent." The trial court interpreted the foregoing language to mean the entire months of January, April, July and October.
In reaching its result that the governing body could not establish the tax collector's hours of attendance at the office, explained in a formal written opinion published at 197 N.J. Super. 443 (Law Div. 1984), the Law Division was guided by the reasoning of Hewitt v. Mayor, etc., Seaside Park, 133 N.J.L. 467 (Sup.Ct. 1945), which narrowly construed the powers of a municipality to fix the days and hours when the tax collector's office must be attended and concluded that the governing body's attempt to do so in that case was unauthorized. In our view, however, the scope of the statute must now be reexamined in light of our present State Constitution which was adopted some two years after the Hewitt decision. Art. IV, § VII, par. 11 provides:
The provisions of this Constitution and of any law concerning municipal corporations formed for local government, or concerning counties, shall be liberally construed in their favor. The powers of counties and such municipal corporations shall include not only those granted in express terms but also those of necessary or fair implication, or incident to the powers expressly conferred, or essential thereto, and not inconsistent with or prohibited by this Constitution or by law.
As the Supreme Court stated in Union Co. Bd. of Freeholders v. Union Co. Park Com., 41 N.J. 333, 339 (1964), the foregoing provision "was intended to obviate earlier judicial decisions which had taken the position that grants of power by the Legislature to its political subdivisions should be construed narrowly and that doubt as to the existence of any asserted power should lead to its denial."
We are satisfied that any attempt by the governing body to designate days when the tax collector's office must be *413 attended could be too easily defeated if unaccompanied by the power to define those days in terms of working hours and the choice of working hours is left to the tax collector's convenience. Although the analysis provided by the Law Division at 197 N.J. Super. 449-450 to support its decision to the contrary is not without merit, it does not address the present constitutional mandate that the statute be liberally construed in favor of the municipality. From this orientation we conclude that N.J.S.A. 54:4-72 by necessary and fair implication permits the governing body to prescribe the tax collector's working hours on those days when the statute permits the governing body to require the office to be attended.
To the extent that the order of September 25, 1984 determines that the scheduling of office hours is the prerogative solely of the tax collector and not the governing body, it is reversed. In all other respects it is affirmed for the reasons stated by the Law Division in its published opinion at 197 N.J. Super. 443. The order of August 20, 1985, directing the entry of judgment of $7775, being the accrued difference between salary monies actually paid and the amount to which plaintiff was entitled based on a yearly salary of $9450, is affirmed.
NOTES
[1] The statute was amended in respects not here material effective November 26, 1985.