SAVERIO GAROFALO, PLAINTIFF, v. TOWNSHIP OF BURLINGTON, ALBERT HEINOLD AS DIRECTOR OF THE DEPARTMENT OF LICENSES AND INSPECTIONS IN BURLINGTON TOWNSHIP, AND THE BURLINGTON TOWNSHIP PLANNING BOARD, DEFENDANTS.

Superior Court of New Jersey
Law Division Burlington County

Decided April 29, 1985.

*Lewis H. Roberston,* for plaintiff (*Levy & Robertson,* attorneys).

*Ronald E. Bookbinder,* for defendant Burlington Tp. (*Bookbinder, Guest & Domzalski,* attorneys).

*Jan M. Schlesinger,* for defendant Albert Heinold (*Schlesinger, Schlosser, Foy & Harrington,* attorneys).

*David M. Serlin,* for Burlington Township Planning Board.

HAINES, A.J.S.C.

This is a land use case raising questions concerning the extent of site plan review authority and the power of planning boards to rescind site plan approvals.

Plaintiff entered into an oral agreement to purchase certain real property in the Township of Burlington. He made a $5,000 deposit, was given possession of the property under certain circumstances and had the utility bill forwarded to him. He intended to use the property as an adult entertainment center in which he would offer for sale or viewing, books, magazines, films, video cassettes and, possibly, live performances of an adult nature. He also intended to sell certain sundries including "marital aids." No structural changes were to be made to the property. He therefore filed an application with the Planning Board for site plan approval.

Prior to the Planning Board hearing on his application difficulties developed between plaintiff and the seller of the property. His deposit was returned and he was permitted only limited possession while terms of a formal, written agreement of sale were negotiated. Nevertheless, he proceeded with his Planning Board application, participated in a hearing and was granted site plan approval subject to certain conditions.

Later, the Planning Board learned of the circumstances surrounding his purchase of the property, notified him that it was considering the rescission of his site plan approval and advised him that a hearing would be held on that question on a certain date at which time he might appear and present his objections to a rescission. Negotiations concerning the terms for the purchase of the property were completed prior to that date and a written agreement of sale was executed. Notwithstanding these circumstances, the Board proceeded with the hearing and adopted a resolution rescinding its site plan approval.

Plaintiff has filed this prerogative writ action requesting a judgment setting aside the rescission and restoring site plan approval or declaring that site plan approval was not required. This opinion concludes that site plan approval was required, that the Board had authority to rescind its approval but did so erroneously and therefore restores the approval originally granted.

## A. *The Site Plan Requirement*

The central question involved in this litigation concerns the validity of the provision in the Township's zoning ordinance, Section 19:5–1.1, which states:

Approval of site plans by resolution of the Reviewing Board shall be required as a condition for the issuance of a building permit, issuance of a certificate of occupancy, issuance for any permit required for any construction, reconstruction, conversion, structural alteration, relocation or enlargement of any building or other structure or of any mining, excavation or landfill and any use or change in the use of any building or other structure, or land or extension of use of land, for which permission may be required pursuant to N.J.S.A. 40:55D–1, et. seq.....

This site plan requirement includes the definition of "development" contained in *N.J.S.A.* 40:55D–4.

Plaintiff argues that the enabling statute should not be construed as requiring or permitting site plan review with respect to a change of use when the change is from one permitted use to another. Plaintiff's property was used as a dance hall for teenagers, a permitted use; its proposed new use is also a permitted one. The argument has some appeal. A change in use can be very modest, *e.g.,* an increase in the size of a family or the use of three automobiles instead of two. The subjection of the property owners to site plan review requirements for such insignificant changes would be onerous for all concerned. Nevertheless, changes of that kind fall within the language of the ordinance, if that language is read literally.

The statutes involved are not entirely helpful. *N.J.S.A.* 40:55D–37 says in part that:

> The governing body may by ordinance require ... approval of site plans by resolution of the planning board as a condition for the issuance of a permit for any development....

*N.J.S.A.* 40:55D–7 states that a " 'site plan' means a development plan...." *N.J.S.A.* 40:55D–4 contains the only definition of the term "development." That definition includes the "conversion ... and any use or change in use of any building or other structure, or land or extension of use of land, for which permission may be required pursuant to this act." The word "may" is to be interpreted as an indication of permissive action. *N.J.S.A.* 40:55D–3. The material which may be included in a site plan ordinance, both permissive and mandatory, is enumerated in *N.J.S.A.* 55D–3, 38 & 39. The careful list of site plan requirements set forth in Burlington Township's ordinance falls within the provisions of the "content" statutes.

The statutory provisions are circular. They authorize a site plan ordinance for any "development" but then define "development" as, among other things, a change in use "for which permission may be required pursuant to this act." The Municipal Land Use Law does not contain any express provision concerning site plan review when a change in use is from one permitted use to another. There is uncertainty as to whether such a change is one "for which permission may be required pursuant to this act." An analysis of legislative intent is therefore necessary.

■ The obligation of a court, in construing legislation, is to do so in accordance with the intent of the Legislature. *Safeway Trails v. Furman,* 41 *N.J.* 467, 477 (1964). Numerous reasons support the conclusion that the Legislature intended to provide municipalities with the authority to adopt legislation containing the language found in the Township's ordinance and to impose site plan review requirements on changes in use, whether from one permitted use to another or not.

In the first place, *N.J.S.A.* 40:55D–18 requires the governing bodies of municipalities to:

enforce this act and any ordinance or regulation made and adopted hereunder. To that end, the governing body may require the issuance of specified permits, certificates or authorizations as a condition precedent to (1) the erection, construction, alteration, repair, remodeling, conversion, removal or destruction of any building or structure, (2) the use or occupancy of any building, structure or land ... and may condition the issuance of such permits, certificates and authorizations upon the submission of such data, materials, plans, plats and information as is authorized hereunder....

This language referring to "use or occupancy" is sufficiently broad to authorize the site plan requirements adopted by Burlington. Beyond this, it is obvious that a change in use, whether permitted or otherwise, may involve substantial changes in traffic, access and parking problems, lighting requirements, safety requirements and buffer requirements, to name a few. *N.J.S.A.* 40:55D–38 & 40 either mandate or permit the adoption of the site plan ordinance which addresses these matters. All of them represent legitimate municipal concerns best advanced through a process of site plan review.

If site plan review is not a proper method by which to address these concerns, the only alternative is to exercise control through inspection and enforcement by a construction official. Such enforcement would not be adequate and cannot have been the intent of the Legislature. For example, planning boards routinely submit site plans to engineers for review and recommendations. Construction officials, who cannot be expected to have engineering backgrounds, cannot undertake that review themselves and have no authority to hire experts for the purpose. Planning boards are in an opposite position. *N.J.S.A.* 40:55D–24 expressly authorizes the employment of "experts" by planning boards. Furthermore, a construction of the Municipal Land Use Law, which limits the enforcement of site plan requirements to construction officials, would skew the system of land use in New Jersey. Actions taken by construction officials with respect to site plans would be subject to review by appellate construction boards. *N.J.S.A.* 52:27D–127. This would be contrary to present practice pursuant to which plan-

ning boards make final decisions concerning site plans; no right to an administrative appeal exists. *N.J.S.A.* 40:55D–17.

The final persuasive reason for dismissing the plaintiff's contentions is that, if accepted, they would permit a site plan review requirement only in the case of a change which would require a variance. Surely the Legislature did not intend to restrict site plan review so narrowly.

Plaintiff's concern that this broad interpretation of the Municipal Land Use Law will impose burdensome procedures upon land owners is not realistic. Planning boards, like all public agencies, are expected to act lawfully and responsibly. They may waive site plan requirements for modest changes in use. The Township's ordinance specifically permits such waivers, as it may under *N.J.S.A.* 40:55D–8a, which provides:

> Every municipal agency shall adopt, and may amend reasonable rules and regulations, not inconsistent with this act or with any applicable ordinance, for the administration of its functions, powers and duties....

A "waiver" is no more than an acknowledgment by the board that the condition of the property is satisfactory and meets the requirements of the local ordinance.

B. *The Rescission*

██ An applicant for site plan approval is defined by the Municipal Land Use Law as a "developer." *N.J.S.A.* 40:55D–3. A "developer" is defined as

> the legal or beneficial owner or owners of lot or of any land proposed to be included in a proposed development including the holder of an option or contract purchase, or other person having an enforceable proprietary interest in such land. *N.J.S.A.* 40:55D–4.

The Township Planning Board granted site plan approval to the plaintiff. Thereafter, acting upon a belief that plaintiff was not the "owner" of the property or did not have a "proprietary" interest therein, it rescinded the approval. Plaintiff argues that there is no authority to rescind. I disagree.

*N.J.S.A.* 40:55D–25(a) provides that the "planning board shall follow the provisions of this act and shall accordingly exercise its power in regard to ... Subdivision control and site plan

review pursuant to [Section 37]; ... and certain building permits in connection with ... site plan ... approval pursuant to [Section 60]." Section 37 authorizes an ordinance requiring "approval of site plans by resolution of the planning board as a condition for the issuance of a permit for any development...." *N.J.S.A.* 40:55D–18 requires the governing body to enforce the site plan ordinance by requiring the issuance of "authorizations." *N.J.S.A.* 40:55D–8 authorizes the Planning Board to adopt reasonable rules and regulations. These statutory provisions support the Township's ordinance, which in turn provides the Planning Board with authority to process site plans and make decisions concerning them.

The Planning Board has the power to review, modify and rescind its decision so long as it observes, as it did here, due process requirements, namely, notice and an opportunity to be heard. The power was recognized by our Supreme Court in *Ruvoldt v. Nolan*, 63 *N.J.* 171 (1973):

> Contrary to views in some other jurisdictions, see *Annot.*, 73 *A.L.R.2d* 939, 949 (1960), the principle well established in this State, as well as generally, 2 *Am.Jur.*2d "Administrative Law", § 520 *et seq.*, p. 329 *et seq.* (1962); *Annot.* 73 *A.L.R.*2d 939, *supra* at 943–51, is that: "In the absence of some legislative restriction, administrative agencies have the inherent power to reopen or to modify and to rehear orders that have been entered. Of course, the power must be exercised reasonably and application seeking its exercise must be made with reasonable diligence." [*Id.* at 183.]

The only question before this court, therefore, is the question of whether the record below indicates that the decision to rescind was arbitrary.

The record of the board's hearing on August 13, 1984, at which the rescission motion was adopted, shows that the plaintiff, prior to the date on which site plan approval was granted, had executed an agreement of sale for the property (which had not been executed, however, by the seller), had access to it and had transferred the utility account to his name. In July 1984, plaintiff and seller both executed an agreement for the sale of the property. The question raised on August 13 was whether plaintiff was a "developer," *i.e.*, an "owner" or a person having

"an enforceable proprietary interest" in the property. It seems doubtful that plaintiff met these requirements when he received site plan approval.

The minutes of the August 13 hearing show that plaintiff did not make any intentional misrepresentation concerning ownership. The Board voted to rescind on the basis of its attorney's advice, which advice included the opinion "that Mr. Garofalo did not intentionally misrepresent himself to the Board because, in fact, public service bills have been paid out for the months of March, April, May and June, in his name...." The attorney also said:

> It doesn't appear that anyone would of (sic) intentionally misrepresented themselves of [sic] being owner of the property with a purpose of committing fraud before this Board. I just think that he misunderstood at that time when he appeared before the Board....

Since no fraud was proved and, in fact, the opposite indicated, and since plaintiff had become a "developer" prior to the date approval was rescinded, he had cured any defect in his application relating to his status. Consequently, the Board, in taking its rescission action, addressed a mere technicality which no longer had any bearing upon the question of whether or not the site plan should have been approved. It was not a basis for the rescission which was therefore arbitrary. The rescission resolution is therefore set aside and the site plan approval is restored.