606 A.2d 888

SALVATORE L. GRUNGO, PLAINTIFF, v. ABRAHAM ROBLES, TABERNACLE TOWNSHIP CONSTRUCTION CODE OFFICIAL AND TABERNACLE TOWNSHIP PLANNING BOARD, DEFENDANTS.

Superior Court of New Jersey
Law Division Burlington County

Decided January 17, 1992.

*Patrick F. McAndrew* for plaintiff (*Brandt, Haughey, Penberthy, Lewis & Hyland,* attorney).

*Robert F. Rogers* for defendants (*Rogers & Smith,* attorney).

WELLS, A.J.S.C.

This is an action in lieu of prerogative writ demanding to overturn a decision of the Tabernacle Township Planning Board refusing to waive site plan review. Plaintiff asks that the court enjoin the Board from requiring site plan review, demands that the construction code official issue a building permit and seeks a declaration that he has an absolute right to rebuild subject only to applicable building codes. The facts are undisputed.

Plaintiff is the owner of an irregularly shaped lot .277 acres in size fronting on Route 206. The property was improved in the 1950s and 1960s with a garage and used as a gasoline service station. The verified complaint avers:

The improvements were two-fold. First a building was constructed (and attached to an adjoining building via a party wall) which served, over the years, to house a service bay operation, an office for the service station, and an auto body repair shop.

6. Second, the exterior of the Property, outside the walls of the building, were improved with various structures including asphalt paving, concrete sidewalks, various curb cuts on Route 206, and a pump island.

The improvements and use thereof are non-conforming under Tabernacle's current zoning ordinance. In March, 1991 a fire severely damaged the garage. It destroyed the roof, portions of the interior walls, and some portions of the exterior walls. However, none of the exterior improvements were touched by the fire and remain useable.

In the summer of 1991, plaintiff supplied architect's plans to the defendant Robles, the Construction Code Official, and an application for a permit to rebuild the garage within the existing footprint of the fire-damaged structure. These plans made use of the exterior walls of the garage standing after the fire. Plaintiff proposed no changes to the existing configuration of the building, its service bays, the pump island, the asphalt covering the property or any of the exits or entrances to his property via existing curb cuts.

Mr. Robles declined to issue a permit because the Planning Board required site plan review. In September 1991, plaintiff applied therefor based on minimal plans but reserved all rights including the right to assert site plan review was not required.

The basic legal proposition asserted by plaintiff, grounded in *N.J.S.A.* 40:55D–68 and echoed in Tabernacle's land development code, Sec. 17:15.4, is the absolute right to rebuild a nonconforming structure partially destroyed by fire. However, Tabernacle's Code pertaining to site plan review, Sec. 16:14.1a also states:

> Except as hereinafter provided, no building permit shall be issued for any building or use, or reduction or enlargement in size of any building, or change in use of any building unless a site plan is first submitted and approved by the Planning Board of the Township and no certificate of occupancy shall be given unless all construction and development conforms to the plans as approved by the Planning Board.[1]

[1] Sec. 16:14.1C grants the Planning Board the power to waive site plan review in certain defined instances among which is one for "existing buildings." *Quaere,* whether the remains of plaintiff's garage is an existing building? If *not,* then plaintiff's situation does not clearly fall into an instance where the Board may grant a waiver.

That provision finds legislative authority in *N.J.S.A.* 40:55D–37a which provides "The governing body may by ordinance require approval of ... site plans by resolution of the planning board as a condition for the issuance of a permit for any development...." "Development" includes the "reconstruction" of any building. *N.J.S.A.* 40:55D–4. Plaintiff asserts, however, that site plan review stands as an expensive and time consuming barrier to his right to rebuild particularly where he intends no changes from the exterior walls of the garage to the curbs of his property. He also fears the open-ended power of the Board to impose expensive conditions on his right to rebuild by way of other physical changes and improvements to his property which he claims are unnecessary to restore it fully to its former use.

There are two questions raised by this action. First, may Tabernacle condition the right to rebuild a fire-damaged non-conforming structure upon prior site plan review? Second, if the answer to the first question is "Yes", then did the Planning Board act reasonably in not waiving site plan review on the facts of this case?

There is precious little law on the issue raised by the first question. Judge Haines dealt with an analogous issue in *Garofalo v. Burlington Twsp.* 212 *N.J.Super.* 458, 515 *A.2d* 501 (Law Div.1985). There the question was whether site plan review was required merely on a change in *permitted* uses. He held not only that site plan review could be required under a literal reading of the *MLUL* and the ordinance but also found it was good policy:

> If site plan review is not a proper method by which to address these concerns, the only alternative is to exercise control through inspection and enforcement by a construction official. Such enforcement would not be adequate and cannot have been the intent of the Legislature. For example, planning boards routinely submit site plans to engineers for review and recommendations. Construction officials, who cannot be expected to have engineering backgrounds, cannot undertake that review themselves and have no authority to hire experts for the purpose. Planning boards are in an opposite position. *N.J.S.A.* 40:55D–24 expressly authorizes the employment of "experts" by planning boards. Fur-

thermore, a construction of the Municipal Land Use Law, which limits the enforcement of site plan requirements to construction officials, would skew the system of land use in New Jersey. Actions taken by construction officials with respect to site plans would be subject to review by appellate construction boards. *N.J.S.A.* 52:27D–127. This would be contrary to present practice pursuant to which planning boards make final decisions concerning site plans; no right to an administrative appeal exists. *N.J.S.A.* 40:55D–17.

I heartily agree. In fact, in my view the need for site plan review in the case of reconstruction of non-conforming structures is more critical than that of permitted uses. Non-conforming structures represent zoning anachronisms. Time and the winds of change have left them behind. Is a town left with no chance to bring reasonably into modern compliance for reasons of health and safety such structures while in the process of permitting them to be rebuilt? I do not believe that was the result the Legislature intended. Thus, on the first question, the Court answers in the affirmative. Stated another way, the absolute right to rebuild a damaged non-conforming structure may be conditioned upon reasonable site plan review.

The second issue is whether the planning board acted reasonably in not waiving site plan review on the facts before it. There, indeed, might be certain cases even of commercial uses where rebuilding would not raise material health or safety concerns. Such cases would be apt situations, upon application, for a waiver of site plan review. Is this such a case? I conclude that the Board was not arbitrary in holding that it was not.[2] It could find that this is a small site largely taken up by the garage; that drainage from the new roof could cause problems if not properly directed; that the existing lighting and ingress and egress raised safety concerns; and that the septic disposal system raised health issues.[3] The right to rebuild does

---

[2]That was the Board's holding, even though its resolution dealt with a temporary kiosk plaintiff wanted. That idea has now been abandoned.

[3]The list is not intended to be exhaustive nor directive. The Board should deal only with those items it deems appropriate under its ordinance and the facts before it.

not give an owner the right to perpetuate an unsafe or unhealthy eyesore. Reasonable conditions may be imposed.

■■■■ The court, however, does utter a word of caution. The watchword in these cases is *reasonableness*. The Board cannot strangle a *right* to rebuild with a myriad of technical upgrades unrelated to significant health and safety problems appurtenant to the site and, where permitted by ordinance criteria, aesthetic issues. Any improvements required must be clearly, carefully and expressly grounded in ordinance language and based upon facts emerging out of the recorded proceedings before the Board. The Board simply may not be able to turn a sow's ear into a silk purse in most cases. It must be mindful that it cannot, usually, block some form of reconstruction. The public, in attendance at public hearings, usually uninformed on such matters, must be told that the issues are technical in nature and generally relate to *how*, not *if*, the structure and the property can be rebuilt and used. Applicants should not be subjected to abuse merely because they are exercising their right to rebuild a non-conforming and perhaps therefore unpopular structure.

For the reasons stated judgment is entered affirming the Board and remanding the parties to the Planning Board for site plan review. The court does not retain jurisdiction. I deem this decision final. Mr. Rogers should submit an Order.